Mr. Horwitz, I understand you would like to reserve two minutes for rebuttal, is that right? Yes, Your Honor. Very good. And could I just ask all counsel that as you do come up to the podium, on the right is a little switch that can make it go up or down. So please feel free to adjust that as needed to make sure that the microphone is directed towards your mouth so we can hear you, keeping in mind that we're also streaming the audio. So, Mr. Horwitz, please proceed when you are ready. May it please the court. Good morning, Your Honors. Opposing counsel. My name is Joshua Horwitz and I represent the defendant appellants in this action, the defendants below. This is an appeal from a district court judgment in a labor and employment action resulting from, which was the result of a trial, which lasted approximately four days in the district court. The district court committed three principal errors, which are the basis for this appeal. The first and foremost error was approving and submitting jury verdict forms to the jury that were prejudicial to the defendants because they did not permit a finding for the defendants. Those jury verdict forms were, in my view, inconsistent with the requirements to submit a verdict form that is fair and impartial and is not coercive in any way. The principal issue with the jury verdict forms was that nowhere on the forms could the jury simply indicate that they did not find, by a preponderance of the evidence, that the plaintiffs had proven the number of hours that they worked. Counsel, can I ask you, is your challenge limited to the verdict form or does it also extend to the jury instructions? I'm not challenging the instructions. I believe that the instructions that were given were that it is undisputed in this case that there were no accurate records that were kept by the employer in this case. The jury was instructed that, essentially, in order to find for the plaintiffs, they would need to find that their testimony was credible and served as a basis for a reasonable approximation of the hours that they worked. So just to answer Your Honor's question, point blank, no, I'm not challenging the instructions. So I guess my question is this. If the jury was properly instructed that they could only find hours if they found, as you say, in a case where the defendant did not keep accurate records, they could only find the number of hours if they found the plaintiff's credible. They found by preponderance that the plaintiff's testimony was credible and provided a reasonable approximation of the hours. Why should we not read the verdict form as simply a shorthand that would be completed by the jury in accordance with the instructions? In other words, why would we assume that the jury was not following the instructions and simply using the verdict form to fill it out, but still keeping in mind the burden of proof and all of that, that they were properly instructed about? Well, so this, the verdict forms in this case, if the verdict forms themselves were fairly complex and asked a number of questions, as it's in the record, the verdict forms are fairly lengthy and ask a number of complex questions. And the verdict form should have asked if, just simply I think one question, whether the plaintiffs have proven by a preponderance of the evidence the number of hours that they worked. Because requiring them, requiring the jury to go through and calculate the number of hours without giving them an opportunity to reject the plaintiff's testimony, and particularly where there were two plaintiffs that testified at trial that had significant credibility issues. And when I, the credibility issues meaning there was competing testimony in the record about certain events that happened at the restaurant that I think very fairly, at least call into question the accuracy of the plaintiff's testimony. So is your contention that every line of the verdict form needs to ask not just the question, for example, number of hours, number of days, and all that, but also needs to restate the burden of proof every single time on every single issue? Even if the judge properly instructed the jury about what that burden of proof is? I don't think it would be necessary for each separate line on the verdict form. Why here? Because you've conceded the jury instructions are accurate in instructing the jury about their burden of proof here. So then why are you contending there's confusion because that burden of proof was not restated on the verdict form? Well, I think it's certainly not just merely a restatement, but asking whether the jury, for example, in finding the number of hours that each plaintiff worked, whether, in fact, the plaintiff has proven by a preponderance of the evidence the number of hours, whether they've proven their case essentially by a preponderance of the evidence with respect to the number of hours worked and all of the other specific findings that the jury was required to make in this case. I think that... Yes, Your Honor. And I know you want to get to the Rule 25 issue. But if the jury found the testimony not credible on the number of hours, would it not have been possible for the jury to list a number such as zero or list a lesser number? I think that by essentially forcing their hand into making a specific finding about a number of hours without first asking them whether, in fact, the plaintiffs have proven their case by a preponderance of the evidence, that is essentially shifting the burden to the defendants, which the defendants, despite not having records, they have no burden. There is no burden of proof on the defendants in the case. The plaintiffs always need to prove by a preponderance of the evidence what it is that they're seeking to prove, which in this case was the number of hours that they worked. But I think that requiring them to calculate the number of hours without first giving them an opportunity to reject the plaintiff's testimony was prejudicial to the defendants. Was it contested that the plaintiffs worked any hours? In other words, if there was a question whether they actually even worked, you could understand the need for the option of they haven't established they worked at all. But I thought in this case the dispute was about the records and the number of hours. But there's no dispute that each of these questions in the verdict form should have been answered 1 to 100, right? They wouldn't have been answered that plaintiffs have not established that they worked at all on the facts of this case. I think that it's not so much a question of whether they worked at all, but I think requiring them, again, to calculate a number of hours. But they could have calculated 40 a week. They could have calculated a number that effectively resulted in a win for defendants. In other words, they could have calculated a number that equaled the pay that the trial evidence established had been received. Or alternatively, Your Honor, based on the record testimony, they could have found that the plaintiffs were simply not credible, specifically with respect to two of the plaintiffs for which there was competing. There were questions of credibility with respect to their testimony in the record. They could have found, meaning the jury could have found, you know, this, I just don't believe this person and I can't, their testimony does not serve as a basis for any approximation of hours worked, which is what the law and what the instruction was to the jury below. Well, counsel, why don't we do this? You've reserved two minutes. We'll hear from you again. And you can raise some other issues there unless there are any other questions right now. So why don't we hear from opposing counsel and then we'll come back to you. Thank you, Your Honor. Thank you very much. So let's see, we have Mr. Schweitzer. Yes, Your Honor. You have ten minutes, please. Thank you. And may it please the Court to address the points that were raised first on oral argument. Excuse me. I've heard several points and I generally agree that the jury was free to believe some, all, or none of the plaintiff's testimony as a matter of, just as a general matter. They were instructed on that. They were instructed on each of the points before them on the number of hours that they needed to find that the plaintiff had established their number of hours by means of credible testimony as a matter of just and reasonable inference, that they had established their pay rate by credible testimony and other evidence as a matter of just and reasonable inference, that they had established whether their salary is included over time as a matter of just and reasonable inference, etc. The burden, contrary to what defense counsel, sorry, appellant's counsel just represented, does in fact then shift to the defendants to, under the FLSA, negate the credibility. And they weren't, and the jury was instructed on that. The jury simply didn't believe defendants' version of events. They could have gone with defendants' version of events, listed the number of hours and the rates that defendants suggested. They simply didn't. They believed the plaintiffs. They're free to do that. They were properly instructed. The case law is very clear that the instruction and any special interrogatories presented to the jury should be read as a whole. And I think the court has keenly picked up on that. Counsel, who drafted the verdict form? The verdict form was drafted jointly between the parties submitted to the court and then further revised by the court. It was then reviewed by both parties at a charge conference and approved subject to counsel preserving his objections. Would you agree that it would have been a lot easier all around if the line, for example, about hours worked and said, insert the number of hours, comma, if any, et cetera, et cetera. If that sort of a word or phrase had been introduced into the verdict form, we wouldn't be here, it sounds like, right? We would because, in my view, the objection is completely spurious. But I don't think this is a case wherein if any clause or parenthetical would have been necessary or efficacious. I'm not suggesting necessarily that it's required. What I'm suggesting is whether more careful drafting can avoid even the ghost of an argument about this, right? So sometimes a little bit more time invested in trying to phrase things can ensure that you don't have these disputes, right? Possibly, but this was not a case where there was a dispute over whether any hours worked, for instance. No, I mean there was a dispute over the verdict form, right? There was an objection. But there was not an objection that would have been resolved by an if any clause. The defendants in this case essentially conceded that the plaintiffs each worked for them. As for the other two prongs of the appeal, if I can move on to those, despite them not having been raised on oral argument in the first instance. Excuse me. First of all, there was a dispute over whether directing verdict on the payment in full defense to the wage notice and wage statement claims was proper. In the first place, I'd like to address something that I don't believe was addressed in the briefing, because the briefing took place before the relevant decision came down. I'm referring to the transunion decision. Just two things. First, the verdict in this case also came down before the transunion decision and would not have been controlled by it. So the court doesn't necessarily need to address it. But also, in this particular case, the plaintiffs did show an actual financial harm that stemmed from their not being provided wage notices and wage statements, namely that they were denied their lawful pay. And in particular, the two servers were denied any pay other than tips, if I'm remembering correctly. It's been a while. Excuse me. As far as what was argued in the briefing, it is the defendant's burden to show their affirmative defenses. There was no record evidence sufficient to show that the plaintiffs were all paid in full under the law. The judge adequately reviewed the record as prompted by defense counsel and found there was no such evidence. And even if there had been, the jury's answers to special interrogatories would have put paid to that defense anyway. They found that the plaintiffs were not paid minimum wage or overtime. And that necessarily means they weren't paid everything they were owed. What is our standard of review of the judge's determination? For directed verdict? Yes. Let's see. Which is now actually a judgment as a matter of law? J-N-O-L under the current federal rules of civil procedure? Yes. I don't know the answer to that. I would reason that it would be de novo because it is a judgment as a matter of law. But I don't know the answer to that. I believe the answer to that would be found in appellant's brief in the first instance. Excuse me. And finally, as far as the Rule 25 objection goes, Rule 25 was amended in 1963 to remove a clock after the time of death. Rule 25 only imposes an obligation on the substituting party to substitute within 90 days after notice of death is entered on the record. Isn't that rule designed to contemplate that the party, the other party will give you notice? As opposed to here where you were representing this person, at least according to the docket, you were acting on their behalf through pretrial proceedings, through settlement conferences while he was deceased, and you failed to give notice of that to the court or the opposing party. So I'm unclear on your representation of him, but I'm also unclear on his capacity to serve as a plaintiff once he had died. Well, the whole point of the amendment was to remove a requirement to act after the death, only to act after notice of death is received. We did that. You didn't know he was dead until shortly before you filed the suggestion of death? That's correct. So how did you communicate with him about the settlement discussions that you were having with opposing counsel? We largely communicated with the other plaintiffs. This person was generally less communicative. When we did communicate with him, it was largely through his son. But presumably for the two years prior, you did not communicate with him? No. Once he died, you did not communicate? No, and we didn't think there was anything unusual about that. This happens all the time in multi-plaintiff cases. Was his deposition introduced? It was. The deceased's deposition? It was. And at that point, of course, you knew that he had died? Yes, that was after the notice of death, but before the substitution. The reason for that was that the surrogates court acted slowly during the COVID pandemic. We only got the letters of administration for his proposed administrator after the trial had taken place. The judge declined to delay trial until after substitution, also because of difficulties associated with assembling juries during the COVID pandemic. So that shadow lies over the whole Rule 25 proceeding. Do you have any insights as to how this case relates to the brilliant Kotler decision? No, Your Honor. I don't have anything further. Okay. Well, thank you very much. Why don't we hear from Mr. Horowitz? You have reserved two minutes for rebuttal. Thank you, Your Honor. Thank you. Just to very briefly address one point about the first error with respect to the verdict forms. My opposing counsel said that the jury could have, that they could have rejected plaintiff's position, essentially, and gone with the defendant's version of events. And that's precisely what the issue is with respect to the verdict form, which is it did not provide the jury with an opportunity to do that. There was no opportunity on the verdict form for the jury to reject plaintiff's testimony and find in favor of the defendants by simply finding that plaintiffs had not proven their claims by a preponderance of the evidence. And I do, since my time is limited, I do want to move on to the Rule 25 issue, which is counsel also just made a representation that the communication with the decedent, the deceased plaintiff, died two years before the trial in this case and was never properly substituted for prior to the commencement of trial. That communication was primarily through that plaintiff's son. There is, in the record, an affidavit that was notarized by counsel, who's sitting here, three weeks. An affidavit by the decedent's son that was notarized by plaintiff's counsel three weeks after his death. And so I think the notion that they didn't know or couldn't know that the plaintiff, you know, plaintiff Zhang had passed well in advance of trial is belied by the record. And, you know, the trial commenced, and he was not obviously present for trial because he had died two years prior, and he was never properly substituted for. And so my position is that because he was not properly substituted for at the commencement of trial, how can the case proceed in his absence? How can he proceed as a plaintiff? He has no standing or capacity to proceed in a case where he's not there and has not been properly substituted for. Okay. Thank you very much, both of you. We will take the case under advise. Thank you, Your Honors.